IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| Plaintiff, : | |
| : | |
| v. : | Civ. No. 16-5818 |
| : | |
| **JOHN CHRISTOPHER,** : | |
| Defendant. : | |
| : | |

## O R D E R

In this student loan collection action, Plaintiff, the United States of America, asks me to allow it to serve the Summons and Complaint upon Defendant John Christopher by posting them to his property and delivering them by certified mail. (Doc. No. 3.) Because Plaintiff's efforts to locate and serve Defendant were insufficient, and because it has not shown that its proposed alternate service is reasonably calculated to put Defendant on notice, I will deny its Motion.

On November 9, 2016, Plaintiff filed its Complaint. (Doc. No. 1.) On February 2, 2017, Plaintiff moved for permission to serve Defendant by posting the Summons and Complaint at his last known address and sending copies to him at that address by certified and regular mail. (Doc. No. 3); see Pa. R. Civ. P. 430(a). Plaintiff's counsel avers that "[a]ttempts by a private process [sic] to serve Defendant at her [sic] last known address were unsuccessful," that "Defendant cannot be located," and that Defendant "cannot be found within the Eastern District of Pennsylvania and whose [sic] whereabouts are unknown." (Doc. No. 3-1 ¶¶ 3-5.)

Under the Federal Rules, service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pennsylvania Rule of Civil Procedure 430(a) provides that "[i]f service cannot be made under the applicable rule, the

plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a).  The motion must "be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."  Id.  "Alternat[e] service is only appropriate as a 'last resort' when personal service cannot be made," and requires Plaintiff to show that "(1) it made a good faith effort to locate the defendant; (2) it made practical efforts to serve her under the circumstances; and (3) its proposed alternate means of service is 'reasonably calculated to provide the defendant with notice.'"  United States v. Linares, No. 16-4463, 2016 WL 7014192, at *1 (E.D. Pa. Nov. 30, 2016) (quoting Johnson v. Berke Young Int'l, LLC, No. 07-2240, 2007 WL 3010531, at *1 (E.D. Pa. Oct. 12, 2007 and Premium Payment Plan v. Shannon Cab Co., No. 04-4669, 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007))); see also United States v. Chhay, No. 15-2078, 2015 WL 5460640, at *1 (E.D. Pa. Sept. 17, 2015).

This is not Plaintiff's first Motion for alternate service that I have considered.  In United States v. Ishmael, Plaintiff, represented by the same attorney, brought a materially identical motion to serve a different student loan debtor by posting and certified mail.  (Civ. No. 16-5376, Doc. No. 2.)  On January 5, 2017, I denied the Ishmael Motion because: (1) Plaintiff's efforts to locate Mr. Ishmael were insufficient; (2) Plaintiff failed to show that it had made practical efforts to serve Mr. Ishmael; and (3) the proposed method of alternate service was not reasonably calculated to provide Mr. Ishmael with notice.  (See Ishmael, Doc. No. 3, at 2-4.)

The instant Motion is defective for the same three reasons.  First, just as it did in Ishmael, Plaintiff relies primarily on an Affidavit of Good Faith Investigation from ProVest (a legal support services firm) that describes a paper record search and several failed attempts to call "possible number[s]" and "possible relative[s]"—investigative efforts identical to those this

2

Court has repeatedely held to be insufficient.  (Doc. No. 3-3, Ex. B; <u>Ishmael</u>, Doc No. 3, at 2-3); <u>Linares</u>, 2016 WL 7014192, at *2; <u>Chhay,</u> 2015 WL 5460640, at *2.  Second, Plaintiff attempted to serve Defendant at his last known address on Monday, January 13, 2017, at 9:05 p.m., Tuesday, January 14, 2017, at 8:46 p.m., and Thursday, January 19, 2017 at 4:04 p.m.  (Doc. No. 3-3, Ex. C.)   These attempts were insufficient.  (<u>Ishmael</u>, Doc. No. 3, at 3 ("Four attempts may be insufficient where two occurred on consecutive days and three occurred in the evening hours")); <u>Linares</u>, 2016 WL 7014192, at *2 ("[A]s many as six repeated attempts at service and a stakeout may be necessary to demonstrate that all practical efforts were made to serve the defendant.").  Third, posting and mailing the Summons and Complaint to Defendant's last known address is not reasonably calculated to provide him with notice: Plaintiff's inability to serve Defendant at this address suggests that he may not live there, and Plaintiff's own counsel avers that Defendant's "whereabouts are unknown."  (Doc. No. 3-1 ¶ 5; <u>Ishmael</u>, Doc No. 3, at 3-4.)

Because Plaintiff has again failed to show that alternate service is appropriate here, I will deny its Motion.

\*   \*   \*

**AND NOW**, this 7th day of February, 2017, upon consideration of Plaintiff's Motion for Service by Posting Property and Certified Mail (Doc. No. 3) and all related submissions, it is hereby **ORDERED** that the Motion (Doc. No. 3) is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.